IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COREY WELLS, | ) | 8:09CV113 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director of | ) | |
| Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made eleven claims.

Condensed and summarized for clarity, the claims[1] asserted by Petitioner are:

---

[1]The claims set forth in this Memorandum and Order include the thirty-three grounds listed in the Petition: Claim Two includes Grounds Two through Four, Sixteen, and Twenty-Eight (filing no. 1 at CM/ECF pp. 8-16; 41-44; and 65-66); Claim Three includes Ground Five (*id.* at CM/ECF p. 17-19); Claim Four includes Grounds Five, Fourteen, and Seventeen (*id.* at CM/ECF pp. 17-19; 36-39; 44-45); Claim Five includes Grounds Six through Twelve, Twenty, and Twenty-Eight (*id.* at CM/ECF pp. 19-34; 49-50; 65-66); Claim Six includes Ground Thirteen (*id.* at CM/ECF pp. 34-35); Claim Seven includes Ground Fifteen (*id.* at CM/ECF pp. 39-40); Claim Eight includes Grounds Eighteen, Nineteen, and Twenty-One (*id.* at CM/ECF pp. 46-52); Claim Nine includes Grounds Twenty-Two through Twenty-Seven and Twenty-Nine (*id.* at CM/ECF pp. 52-65; 66-69); Claim Ten includes Grounds Twenty-Five, Thirty, and Thirty-One (*id.* at CM/ECF pp. 59-60; 69-73); and Claim Eleven includes Grounds Thirty-Two and Thirty-Three (*id.* at CM/ECF pp. 74-78).

Claim One: Petitioner was deprived of the guaranty against double jeopardy in violation of the Fifth and Fourteenth Amendments *because* the prosecution presented evidence of an alleged incident of unlawful display of license plates at Petitioner's suppression hearing after Petitioner had already been tried and acquitted of unlawful display of license plates based on the same incident.

Claim Two: Petitioner was deprived due process of law in violation of the Fourteenth Amendment *because* 1) the verdict form was defective and prejudicial; 2) the jury instructions misstated the law and were confusing to the jury; 3) Petitioner was denied the right to a fair suppression hearing; 4) the prosecution presented a false chain of custody report; and 5) the evidence presented at trial was insufficient to find Petitioner guilty of Neb. Rev. Stat. § 28-416(7).

Claim Three: Petitioner was denied his right to a speedy trial in violation of the Sixth and Fourteenth Amendments *because* "there's know [sic] way of knowing when [the amended information] was filed in the clerk's office."

Claim Four: Petitioner did not receive reasonable notice of the charges against him in violation of the Due Process Clause of the Fourteenth Amendment *because* 1) Petitioner did not receive notice of the amended information charging him with being a habitual

2

|  |  |
|---|---|
|  | criminal until moments before the trial, and the information was not properly certified or file stamped by the clerk's office; and 2) Petitioner was charged with violating Neb. Rev. Stat. § 28-416(7), but, without proper notice, was tried for violating Neb. Rev. Stat. § 28-416(8). |
| Claim Five: | The trial court deprived Petitioner of due process and equal protection of the laws in violation of the Fourteenth Amendment *because* 1) it failed to correct its ruling on Petitioner's motion to suppress; 2) it allowed Petitioner to carry the burden of proof; 3) it erred in finding sufficient evidence of probable cause at the suppression hearing; 4) it held a pretrial hearing to qualify Officer Lang as an expert in front of the jury; 5) it did not correct the jury's verdict, "where the evidence presented at trial did not support the jury's verdict"; and 6) it presented Petitioner's criminal record to the jury. |
| Claim Six: | Petitioner's Fifth Amendment privilege against self-incrimination was violated *because* the prosecution presented evidence of an alleged confession obtained from Petitioner without *Miranda* warnings. |
| Claim Seven: | The prosecution suppressed evidence favorable to Petitioner in violation of the Due Process Clause of the Fourteenth Amendment *because* the prosecution withheld evidence of Petitioner's alleged statements to the arresting officer until trial, and those |

|   |   |
|---|---|
|   | statements would have been suppressed by the trial court prior to trial, as they violated Petitioner's privilege against self-incrimination. |
| Claim Eight: | The appellate court abused its discretion by failing to review the record for plain error. |
| Claim Nine: | Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel 1) did not renew the motion to suppress at Petitioner's trial; 2) did not object to the trial court's finding of probable cause based on the evidence presented at the suppression hearing; 3) did not object to the arresting officer's testimony at trial, which conflicted with the officer's testimony at the suppression hearing; 4) did not file a motion to quash the information charging Petitioner with violating Neb. Rev. Stat. § 28-416(7); 5) did not argue that the evidence presented at the suppression hearing violated Petitioner's guaranty against double jeopardy; 6) did not sufficiently explain to Petitioner the elements of the crimes he was charged with; 7) did not sufficiently prepare for trial or investigate the "reports, pictures, video from the store's parking lot, the booking reports, [or] pictures showing [Petitioner's] clothing; 8) did not object to there being no file stamp on either information; 9) did not object to Petitioner receiving notice of the amended information charging him with being a habitual |

criminal only moments before trial; 10) did not object to the prosecution's chain of custody report; 11) did not argue that the evidence presented at trial was insufficient to find that Petitioner possessed powder cocaine; and 12) did not object to the jury instructions.

Claim Ten: Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's appellate counsel 1) did not raise as error that Petitioner received notice of the amended information charging him with being a habitual criminal only moments before trial; 2) did not raise as error that Petitioner's trial counsel was ineffective for not sufficiently explaining to Petitioner the elements of the crimes, for not objecting to the trial court's finding of probable cause based on the evidence presented at the suppression hearing, and for not arguing that the evidence presented at trial was insufficient to find that Petitioner possessed powder cocaine; 3) did not perfect Petitioner's direct appeal; and 4) did not investigate the case before filing the direct appeal.

Claim Eleven: The appellate court reviewing Petitioner's motion for postconviction relief abused its discretion when it 1) found that Petitioner would have been convicted based on his testimony at trial, regardless of whether the arresting officer's testimony at trial prejudiced him; 2) did not properly address issues presented in

the brief; and 3) did not review the record for plain error.

Liberally construed, the court preliminarily decides that Claims One through Seven, Nine, and Ten are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

Liberally construed, the court decides that Claims Eight and Eleven are not cognizable in a federal court habeas action, as they involve questions of state law that have been decided by a state court. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005).

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that Claims One through Seven, Nine, and Ten are potentially cognizable in federal court.

2. The court decides that Claims Eight and Eleven are not cognizable in a federal court habeas action and are therefore dismissed.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By May 28, 2009, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: May 28,

2009: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

  E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event Respondent elects not to file a reply brief, Respondent should inform the court by filing a notice stating that Respondent will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

  A. By May 28, 2009, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

  B. No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all

matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, Respondent should inform the court by filing a notice stating that Respondent will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: June 24, 2009: check for Respondent to file answer and separate brief.

7.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

April 13, 2009.                    BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge