IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COREY WELLS, | ) | 8:09CV113 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Dirc. of | ) | |
| Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Corey Wells' ("Wells") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 13), Brief in support of his Answer (filing no. 14), State Court Records (filing no. 11), and a Reply Brief (filing no. 17). Wells filed a Response, a Brief in support of his Response, and a Reply Brief. (Filing Nos. 15, 16 and 19.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Wells' 82-page Petition, he asserts eleven separate claims, which are fully set forth in the court's April 13, 2009, Memorandum and Order. (Filing No. 6.) As the court determined at that time, two of Wells' claims are not cognizable in this habeas corpus action because they involve only questions of state law.[1] (*Id.* at CM/ECF p. 6.) Thus, the following nine claims are currently before the court:

Claim One: Petitioner was deprived of the guaranty against double jeopardy in violation of the Fifth and Fourteenth

---

[1] These are Claims Eight and Eleven, as set forth in the court's April 13, 2009, Memorandum and Order. For clarity, Wells' remaining Claims have been renumbered in sequential order for purposes of this Memorandum and Order.

|  |  |
|---|---|
|  | Amendments because the prosecution presented evidence of an alleged incident of unlawful display of license plates at Petitioner's suppression hearing after Petitioner had already been tried and acquitted of unlawful display of license plates based on the same incident. |
| Claim Two: | Petitioner was deprived due process of law in violation of the Fourteenth Amendment because 1) the verdict form was defective and prejudicial; 2) the jury instructions misstated the law and were confusing to the jury; 3) Petitioner was denied the right to a fair suppression hearing; 4) the prosecution presented a false chain of custody report; and 5) the evidence presented at trial was insufficient to find Petitioner guilty of Neb. Rev. Stat. § 28-416(7). |
| Claim Three: | Petitioner was denied his right to a speedy trial in violation of the Sixth and Fourteenth Amendments because "there's know [sic] way of knowing when [the amended information] was filed in the clerk's office." |
| Claim Four: | Petitioner did not receive reasonable notice of the charges against him in violation of the Due Process Clause of the Fourteenth Amendment because 1) Petitioner did not receive notice of the amended information charging him with being a habitual criminal until moments before the trial, and the information was not properly certified or file stamped by the clerk's office; and 2) Petitioner was charged with violating Neb. Rev. Stat. § 28-416(7), but, without proper notice, was tried for violating Neb. Rev. Stat. § 28-416(8). |
| Claim Five: | The trial court deprived Petitioner of due process and equal protection of the laws in violation of the Fourteenth Amendment because 1) it failed to correct its ruling on Petitioner's motion to suppress; 2) it allowed Petitioner to carry the burden of proof; 3) it erred in finding sufficient |

|  |  |
|---|---|
|  | evidence of probable cause at the suppression hearing; 4) it held a pretrial hearing to qualify Officer Lang as an expert in front of the jury; 5) it did not correct the jury's verdict, "where the evidence presented at trial did not support the jury's verdict"; and 6) it presented Petitioner's criminal record to the jury. |
| Claim Six: | Petitioner's Fifth Amendment privilege against self incrimination was violated because the prosecution presented evidence of an alleged confession obtained from Petitioner without Miranda warnings. |
| Claim Seven: | The prosecution suppressed evidence favorable to Petitioner in violation of the Due Process Clause of the Fourteenth Amendment because the prosecution withheld evidence of Petitioner's alleged statements to the arresting officer until trial, and those statements would have been suppressed by the trial court prior to trial, as they violated Petitioner's privilege against self-incrimination. |
| Claim Eight: | Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel 1) did not renew the motion to suppress at Petitioner's trial; 2) did not object to the trial court's finding of probable cause based on the evidence presented at the suppression hearing; 3) did not object to the arresting officer's testimony at trial, which conflicted with the officer's testimony at the suppression hearing; 4) did not file a motion to quash the information charging Petitioner with violating Neb. Rev. Stat. § 28-416(7); 5) did not argue that the evidence presented at the suppression hearing violated Petitioner's guaranty against double jeopardy; 6) did not sufficiently explain to Petitioner the elements of the crimes he was charged with; 7) did not sufficiently prepare for trial or investigate the "reports, pictures, video from the store's parking lot, the booking reports, [or] pictures showing [Petitioner's] clothing; 8) did |

|  |  |
|---|---|
|  | not object to there being no file stamp on either information; 9) did not object to Petitioner receiving notice of the amended information charging him with being a habitual criminal only moments before trial; 10) did not object to the prosecution's chain of custody report; 11) did not argue that the evidence presented at trial was insufficient to find that Petitioner possessed powder cocaine; and 12) did not object to the jury instructions. |
| Claim Nine: | Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel 1) did not raise as error that Petitioner received notice of the amended information charging him with being a habitual criminal only moments before trial; 2) did not raise as error that Petitioner's trial counsel was ineffective for not sufficiently explaining to Petitioner the elements of the crimes, for not objecting to the trial court's finding of probable cause based on the evidence presented at the suppression hearing, and for not arguing that the evidence presented at trial was insufficient to find that Petitioner possessed powder cocaine; 3) did not perfect Petitioner's direct appeal; and 4) did not investigate the case before filing the direct appeal. |

(*Id.* at CM/ECF pp. 2-6.)

## ***BACKGROUND***

### *I.    Wells' Conviction and Direct Appeal*

On January 7, 2005, a jury convicted Wells of one count of possession with intent to deliver more than 10 grams but less than 28 grams of cocaine. (Filing No. 11-2, Attach. 1, at CM/ECF p. 58.) Wells was thereafter found to be a habitual criminal and was sentenced to serve a prison term of 20-30 years. (*Id.* at CM/ECF p.

59.) Wells filed a direct appeal in which he, liberally construed, argued that the "trial court erred in overruling the motion to suppress" which argued that Wells had been subject to an unconstitutional search and seizure, that Wells' trial counsel was ineffective for failing to "properly preserve" the motion to suppress issue if the Nebraska Court of Appeals determined that the issue had not been properly preserved, and that the trial court incorrectly determined Wells' "credit for time served." (Filing No. 11-3, Attach 2, at CM/ECF p. 6.) The Nebraska Court of Appeals summarily affirmed Wells' conviction and sentence on August 30, 2005, without issuing an opinion. (Filing No. 11-5, Attach. 4, at CM/ECF p. 2.) However, the Nebraska Court of Appeals recalculated Wells' credit for time served. (*Id.*) Wells filed a petition for further review with the Nebraska Supreme Court, which was overruled on November 30, 2005. (*Id.*)

## II. Wells' Post Conviction Motion and Appeal

On April 10, 2006, Wells filed a filed a "Verified Motion for Post Conviction Relief" in the Douglas County, Nebraska District Court. (Filing Nos. 11-6, Attach. 5, at CM/ECF pp. 21-63 and 11-7, Attach. 6, at CM/ECF pp. 1-20.) The Douglas County District Court appointed counsel and Wells, through counsel, filed an "Amended Motion for Postconviction Relief" on August 25, 2008 (the "Post Conviction Motion"). (Filing No. 11-8, Attach. 7, at CM/ECF pp. 53-55.) In his Post Conviction Motion, Wells asserted "[i]neffective assistance of trial and appellate counsel," "[d]enial of his right to a fair trial and due process due to an abuse of discretion by the trial court," and "[v]indictive prosecution by the prosecutor and prosecutorial misconduct." (*Id.* at CM/ECF p. 57.) On October 30, 2007, the Douglas County District Court denied the Post Conviction Motion. (*Id.* at CM/ECF pp. 56-64.)

Wells appealed the denial of post-conviction relief. On appeal, the Nebraska Court of Appeals determined that Wells asserted two claims. (Filing No. 11-6,

Attach. 5, at CM/ECF p. 10.) First, Wells asserted that the "trial court abused its discretion by failing to review all of the issues raised in his August 25, 2006, amended motion for postconviction relief." (*Id.*) Second, Wells asserted that his trial counsel was ineffective for failing to object to testimony "relating to his intent regarding disposition of the cocaine." (*Id.*) The Nebraska Court of Appeals affirmed the denial of post-conviction relief. (*Id.* at CM/ECF p. 15.) Where necessary, further details of the Nebraska Court of Appeals' opinion are set forth below. Wells filed a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 11-13, Attach. 12, at CM/ECF p. 3.)

Wells filed his Petition in this court on March 27, 2009. (Filing No. 1.) Respondent thereafter filed his Answer and Brief in Support, arguing that all of Wells' claims are either procedurally defaulted, or that the state court reasonably applied federal law and therefore no federal habeas corpus relief is available. (Filing Nos. 14 and 17.) Wells argues that his claims are not procedurally defaulted, but that if the court determines they are, the ineffectiveness of his counsel is cause for his default. (Filing Nos. 16 and 19.)

### ANALYSIS

### I. *Procedural Default*

### A. *Standards for Exhaustion/Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the

>   courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a

petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n

such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

### B. Wells' Claims

Except for Claim Eight, Parts One and Three, addressed by the court below, Wells failed to properly raise any of his Claims in the Nebraska state courts. Indeed, Wells simply did not present Claims One, Three, Four, Six, Seven, Eight (except for Parts One and Three), or Nine in his direct appeal or in his Post Conviction Motion and appeal. Regarding Claims Two and Five, Wells raised issues relating to his motion to suppress in both his direct appeal and in his Post Conviction Motion and appeal. However, he did not raise Claims Two and Five in the context of federal due process or equal protection violations. As set forth above, in order to "fairly present" his habeas claims, Wells "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney,* 487 F.3d at 1096 (quotation omitted); *see also Rucker,* 563 F.3d at 771 (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts). Wells failed to "fairly present" these Claims to the Nebraska state courts and, under Nebraska law, he cannot file a second motion for post-conviction relief. *Ortiz,* 670 N.W.2d at 792. As such, Claims One, Two, Three, Four, Five, Six, Seven, Eight (except for Parts One and Three), and Nine are procedurally defaulted.

9

### C. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed Wells' submissions in this matter. As an excuse for his failure to raise the procedurally defaulted Claims, Wells states that "the defaults are the result of ineffective assistance of trial counsel." (Filing No. 16 at CM/ECF p. 6.) While ineffective assistance of counsel may constitute "cause" in some circumstances, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Rather, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" which must be presented to the state courts. *Id.* (citation omitted). Thus, in order to claim that ineffective assistance of counsel is cause to excuse his procedural default, Wells must have first presented that ineffective assistance argument to the Nebraska state courts. There is nothing before the court showing Wells did so and his failure to present this independent claim is insufficient cause to excuse the procedural default. Claims One, Two, Three, Four, Five, Six, Seven, Eight (except for Parts One and Three), and Nine are therefore dismissed.

## II. Claim Eight, Part One

Wells properly presented Claim Eight, Part One to the Nebraska state courts. For his Claim Eight, Part One, Wells sets forth a Fourth Amendment claim and argues that he was subject to an unreasonable search and seizure.[2] (Filing No. 11-3, Attach. 2, at CM/ECF p. 6.) "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). In practice, this means that "Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims . . . ." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994).

In *Willett*, the Eighth Circuit set forth a two-part test for Fourth Amendment habeas claims:

> [A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.

*Id.* Part one of the *Willett* test is "simple enough–either the state has a system available for raising Fourth Amendment claims or it does not." *Id.* at 1272. Further, because the *Stone* opinion was "intended to short-circuit the district court's review of the record," part two of the test "does not require a probing review of the state court record." *Id.* at 1271-72. A "mere disagreement with the outcome of a state

---

[2]While Wells' Claim Eight, Part One is unclear, Wells may have raised it as an ineffective assistance of counsel claim, rather than a stand-alone Fourth Amendment claim. However, to the extent Wells has done so, it is rejected for the same reasons set forth in court's analysis of Claim Eight, Part Three below.

court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process" under *Willett*. *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007).

Applying the *Willett* two-part test to Wells' Claim Eight, Part One, there is no question that the Nebraska courts provided a procedure by which Wells could raise his Fourth Amendment claims. Nebraska procedures allowed for Wells to raise his Fourth Amendment claims in his pre-trial motion to suppress and evidentiary hearing, to challenge those findings on direct appeal before the Nebraska Court of Appeals, and in a petition for further review before the Nebraska Supreme Court. Indeed, Wells did just that. The Douglas County District Court heard evidence and arguments and determined that there was no Fourth Amendment violation. (Filing No. 11-8, Attach. 7, at CM/ECF pp. 28-32.) Wells does not claim that there was an "unconscionable breakdown" in Nebraska's process or that he was prevented from raising his Fourth Amendment claims throughout this process. Rather, Wells reargues the merits of his Fourth Amendment claims, including issues of probable cause and the truthfulness of the arresting officer's testimony. (*See generally*, Filing No. 16.) Stated another way, Wells' Claim Eight, Part One amounts to a "mere disagreement with the outcome of" the Nebraska courts' rulings on his Fourth Amendment claims. The court cannot consider such claims, and finds that the Nebraska courts provided an adequate procedure for Wells to raise his Fourth Amendment claims, and that Wells was not foreclosed from using that procedure. In light of this, Claim Eight, Part One is dismissed.

### III. Claim Eight, Part Three

*A.    Standards*

A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires

that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### B. Wells' Claim

For his Claim Eight, Part Three, Wells argues that his trial counsel was ineffective for failing to object to the arresting officer's testimony at trial. (Filing No. 6 at CM/ECF p. 4.) The Nebraska Court of Appeals analyzed this Claim in its detailed opinion. (Filing No. 11-6, Attach. 5, at CM/ECF pp. 11-13.) That court determined that, even if his counsel had objected, and "[e]ven if the court had excluded [the arresting officer's] statement, Wells would have been convicted because in his trial testimony, he admitted to the possession of crack cocaine with the intent to deliver." (*Id.* at CM/ECF p. 12.) Further, the Nebraska Court of Appeals found that "[t]he record also fails to support Wells' allegation of ineffective assistance of counsel because even if Wells' counsel had performed as requested, it would not have affected the outcome of the trial." (*Id.*) Thus, because "Wells admitted that he possessed 27.6 grams of crack cocaine and that he planned to share

14

the crack cocaine with others," he suffered no prejudice from the arresting officer's testimony and his counsel was not ineffective. (*Id.* at CM/ECF pp. 12-13.)

The foregoing findings of fact and conclusions of law by the Nebraska Court of Appeals, which were affirmed by the Nebraska Supreme Court, are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska Court of Appeals' decision denying Wells' ineffective assistance of trial counsel claim is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Wells has not submitted any evidence, let alone clear and convincing evidence, that the court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, Claim Eight, Part Three was adjudicated on the merits by the Nebraska state courts and the grant of a writ of habeas corpus is not warranted here because those courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decisions. In light of these findings, Wells' Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Petitioner Corey Wells' Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. Petitioner's Motion for Leave to File Reply Brief (filing no. 18) is granted and the court considers Petitioner's Reply Brief (filing no. 19) as part of the record in this matter. All other pending motions are denied as moot.

December 17, 2009. BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.